UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISMAEL MUNOZ-CHAVEZ, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1598 JCH |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Ismael Munoz-Chavez's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed October 31, 2006. (Doc. No. 1). The matter is fully briefed and ready for disposition.

## BACKGROUND

On March 9, 2006, Movant Ismael Munoz-Chavez ("Movant" or "Defendant") was charged in a single count indictment with re-entering the United States as an illegal alien, after being deported subsequent to an aggravated felony conviction, in violation of Title 8, United States Code, Section 1326(a). (Indictment (06CR163 JCH, Doc. No. 1)). On May 5, 2006, Movant pled guilty to that offense pursuant to a Plea Agreement, Guidelines Recommendations, and Stipulations. (Change of Plea Proceeding (06CR163 JCH, Doc. No. 19)). Pursuant to the plea agreement, Movant waived his post-conviction rights, including both his appeal rights and his habeas corpus rights. (Plea Agreement, Guidelines Recommendations and Stipulations (06CR163 JCH, Doc. No. 20), PP. 3-4). On June 30, 2006, Movant was sentenced to forty-one months imprisonment, followed by a two year term of supervised release. (Judgment (06CR163 JCH, Doc. No. 21)). Movant did not appeal his conviction or sentence.

On October 31, 2006, Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"). In his § 2255 Motion, Movant raises the following two claims for relief:

(1) That the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional both on their face and as applied in Movant's case; and

(2) That using Movant's prior conviction to enhance his sentence in this case was illegal under United States v. Booker and United States v. FanFan, 543 U.S. 220 (2005).

(§ 2255 Motion, PP. 4-8).

**STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## **WAIVER OF RIGHT TO CONTEST PURSUANT TO SECTION 2255**

The plea agreement between Movant and the Government contained the following waiver of habeas corpus rights:

> (2) ***Habeas Corpus*:** The defendant acknowledges being guilty of the crime to which a plea is being entered, and further states that neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

(Id., PP. 3-4). The Government contends that by virtue of this provision, Movant has waived his right to bring the instant motion. (Government's Response to Movant's Motion pursuant to Section 2255, PP. 3-4).

The Eighth Circuit has held that a Defendant's right to appeal his conviction or sentence is purely a statutory right, and, "[i]t is well settled that a procedural right, whether constitutionally derived or grounded in statute, may be waived by a criminal defendant." United States v. Mendoza, 341 F.3d 687, 695 (8th Cir. 2003) (internal quotations and citation omitted). Further, waivers of both direct-appeal rights and collateral-attack rights are enforceable in the plea agreement context. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000) (citations omitted). Accordingly, appeal waivers are generally binding, and the Court will not review a waived issue, "unless the plea agreement was not entered knowingly and voluntarily." United States v. Mendoza, 341 F.3d at 695 (citations omitted).

During the Change of Plea Proceeding in the instant case, the Court questioned Movant with respect to his guilty plea and the waiver of his right to file a § 2255 motion, as follows:

- 3 -

| | |
|---|---|
| THE COURT: | Do you understand you are under oath and if you would answer any of my questions falsely, you might later be prosecuted for making a false statement or for perjury? |
| DEFENDANT: | Yes.... |
| THE COURT: | I have received a document entitled Plea Agreement, Guidelines Recommendations, and Stipulations. This is a 13-page document....Now, Mr. Munoz-Chavez, have you had an opportunity to review and discuss all the provisions of this document with Mr. Lopez (Movant's attorney)? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | And are you in agreement with everything contained in this document? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Is there anything in this document with which you disagree? |
| DEFENDANT: | No, Your Honor. |
| THE COURT: | Do you have any questions about any provision of this document? |
| DEFENDANT: | No, Your Honor. |
| THE COURT: | Has anyone made any promises or assurances to you other than what's contained in this document, in order to cause you to plead guilty today? |
| DEFENDANT: | No, Your Honor.... |
| THE COURT: | Now, Mr. Munoz-Chavez, do you understand that the maximum possible penalty for the offense in the indictment is imprisonment of not more than 20 years, a fine of not more than $250,000, or both imprisonment and a fine? |
| DEFENDANT: | Yes.... |
| THE COURT: | And in the next section, under § 2(C)(2), you have also agreed that if I accept your plea of guilty, you will not contest this conviction or the sentence that I impose in a subsequent proceeding, unless you challenge it on the grounds of the prosecutor's misconduct or ineffective assistance of counsel. Now, have you discussed that waiver with Mr. Lopez? |

| | | |
|---|---|---|
| DEFENDANT: | Yes. | |
| THE COURT: | And do you have any questions about it? | |
| DEFENDANT: | No questions. | |
| THE COURT: | Are you in agreement with it? | |
| DEFENDANT: | Yes.... | |
| THE COURT: | How do you plead to the indictment--guilty or not guilty? | |
| DEFENDANT: | Guilty, Your Honor. | |

Based on Movant's representations during his Change of Plea proceeding, the Court held as follows:

> THE COURT: It is the finding of the Court in the case of United States versus Munoz-Chavez that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The plea to the indictment is therefore accepted, and the Defendant is now adjudged guilty of that offense.

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). This Court thus finds that Movant entered his plea of guilty in a knowing and voluntary manner, and further that Movant's § 2255 Motion does not raise any issues that were preserved in the plea agreement. United States v. Mendoza, 341 F.3d at 695. The Court therefore will enforce the plea agreement as written, and dismiss Movant's § 2255 Motion. Id. at 695-96.[2]

## **CONCLUSION**

---

[2] Upon consideration, the Court finds Movant's claims fail on the merits as well, as Movant admitted to his aggravated felony conviction in both his plea agreement, and during the guilty plea proceeding itself.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 3rd day of May, 2007.

/s/ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE